**Baldev SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73832.
Agency No. A76–841–573.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

Manpreet Singh Gahra, Law Office of Virender K. Goswami, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Arthur L. Rabin, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Baldev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Singh's due process and regulatory challenges to the BIA's streamlining of his case are foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852, 855 (9th Cir. 2003).

The IJ's adverse credibility finding regarding Singh is supported by substantial evidence in the record. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). Singh's testimony about his abrupt departure from Jalandhar in 1995 is contradicted by a letter from his Gurudwara there,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

which states that he "participated in religious and political activities" until 1997. This inconsistency goes to the heart of Singh's asylum claim that he fled persecution by police, and therefore suffices to uphold the adverse credibility determination. *See De Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997); *see also Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003).

By failing to qualify for asylum, Singh necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Singh is not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**